FILED
United States Court of Appeals
Tenth Circuit

August 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SONIA NOEMI CAMPOS-PEREZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,

Respondent.

No. 12-9515
(Petition for Review)

---

### ORDER AND JUDGMENT[*]

---

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Sonia Noemi Campos-Perez petitions pro se for review of the Board of Immigration Appeals' (BIA's) decision to deny her applications for asylum and restriction on removal. We lack jurisdiction to consider the determinations that Ms. Campos-Perez's asylum application was untimely and that she did not satisfy an exception to the one-year filing deadline. *Ferry v. Gonzales*, 457 F.3d 1117, 1129-30

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2006). We therefore dismiss that portion of the petition. We do, however, have jurisdiction to consider Ms. Campos-Perez's restriction-on-removal claim, *see* 8 U.S.C. § 1252(a), and deny the remainder of the petition.

## I. Background

Ms. Campos-Perez is a native and citizen of El Salvador. In 2006, she entered the United States without inspection. Shortly thereafter, the Department of Homeland Security instituted removal proceedings, charging her with being present in the United States without having been admitted or paroled. In 2008 Ms. Campos-Perez, through counsel, conceded removability as charged and filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), citing her membership in a particular social group.[1]

At a merits hearing before an Immigration Judge (IJ), Ms. Campos-Perez testified about her uncles' military service, explaining that they were part of a special unit focused on enforcing the law against criminal gangs. She explained that, beginning in March 2005, she was confronted on multiple occasions by two or three

---

[1]     The Immigration Judge did not engage in any legal analysis regarding Ms. Campos-Perez's request for CAT relief, and this issue was not raised on appeal to the BIA. Further, other than passing mention of the CAT, it does not appear that any CAT issues are being raised in this court. *See Tulengkey v. Gonzales*, 425 F.3d 1277, 1279 n.1 (10th Cir. 2005) (observing that "[j]udicial review does not extend to points the alien could have made before the Board but did not" and that "[i]ssues not raised on appeal [to this court] are deemed to be waived" (internal quotation marks omitted)).

men as she left school. She believed they were part of the Mara Salvatrucha gang, and that they were aware of her uncles' involvement in law enforcement. She said that the gang members always asked after her uncles, wanting to know why they were fighting against the gang members' friends. She said the group, which always consisted of the same individuals, harassed her, pushed her, and took her money. They also warned her that they could harm her family if she reported them to the police, which she did not.

As Ms. Campos-Perez left school one day in December 2005, the gang members confronted her and hit her in the head with a pistol, causing her to bleed "a little." Admin. at 99. She did not seek medical treatment. She did, however, testify that she thought the gang members "were going to kill [her]" that day. *Id.* at 98. Indeed, she said they told her "they were going to kill [her] . . . and that . . . it would all be because of [her] uncles." *Id.* at 99. After this incident, which Ms. Campos-Perez did not report to authorities, she no longer attended classes.

Before applying for asylum in 2008, Ms. Campos-Perez spoke with her grandmother, who was still in El Salvador. According to Ms. Campos-Perez, her grandmother told her that men she suspected to be gang members had asked her many times where her granddaughter was.

At the conclusion of the merits hearing, Ms. Campos-Perez, through counsel, contended that she suffered past persecution and faced future persecution on account of an immutable characteristic: her kinship with her uncles. She also asserted that

- 3 -

because she discovered in 2008 that gang members were still searching for her, her asylum application satisfied an exception to the statutory one-year deadline.

The IJ issued an oral decision denying the relief sought. The BIA agreed with the IJ's determination that Ms. Campos-Perez failed to show changed or extraordinary circumstances sufficient to render her asylum application timely. *See* 8 U.S.C. § 1158(a)(2)(D). In particular, the BIA concluded that Ms. Campos-Perez's alleged lack of knowledge about the availability of asylum, lack of legal representation, and increased fear due to her 2008 conversation with her grandmother did not constitute extraordinary or changed circumstances. The BIA also concurred with the IJ's denial of restriction on removal, stating:

> even if the respondent met her burden of establishing a nexus between the alleged harm [inflicted by gang members] and one of the grounds enumerated in the Act, the harassment, pushing, theft, and isolated hitting the respondent suffered did not rise to the level of persecution. [Further, she] failed to meet her burden of proving that it was more likely than not that her life or freedom would be threatened upon return to El Salvador for purposes of [restriction on] removal.

Admin. R. at 4 (internal citations omitted). This petition for review followed.

## II. Discussion

Because the BIA issued its decision by a brief order signed by a single board member, 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal but "may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). "Our duty is to guarantee that factual determinations are supported by reasonable, substantial and

- 4 -

probative evidence considering the record as a whole.  Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* at 788-89 (citations, internal quotation marks, and brackets omitted).  We review the agency's legal conclusions de novo. *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005).

## A.    Timeliness of Asylum Application

Ms. Campos-Perez contends that the BIA should have excused the untimely filing of her asylum application because she did not know about the one-year deadline and did not immediately contact an attorney after arriving in the United States.  But this court is without "jurisdiction to review a decision regarding whether an alien established changed or extraordinary circumstances that would excuse [her] untimely filing" because the nature of this determination is factual and discretionary. *Ferry*, 457 F.3d at 1130 (internal quotation marks omitted).  *See also* 8 U.S.C. § 1158(a)(3) (providing that no court shall have jurisdiction to review the Attorney General's determination regarding changed or extraordinary circumstances).  We therefore dismiss that portion of the petition for review challenging the BIA's determinations that the asylum application was untimely and that Ms. Campos-Perez did not satisfy an exception to the one-year filing deadline.  *Ferry*, 457 F.3d at 1130.

## B.    Restriction on Removal

"Generally speaking, an alien may not be removed to a particular country if he or she can establish a clear probability of persecution in that country on the basis of

race, religion, nationality, membership in a particular social group, or political opinion." *Elzour v. Ashcroft*, 378 F.3d 1143, 1149 (10th Cir. 2004).

> An alien may create a rebuttable presumption of eligibility for restriction on removal by either (1) demonstrating past persecution in the proposed country of removal on account of one of the protected grounds; or (2) showing that it is more likely than not that the alien would be subject to persecution on one of the specified grounds upon returning to the proposed country of removal.

*Sidabutar v. Gonzales*, 503 F.3d 1116, 1123-24 (10th Cir. 2007) (citations and internal quotation marks omitted). Persecution "may be inflicted by the government itself, or by a non-governmental group that the government is unwilling or unable to control." *Hayrapetyan v. Mukasey*, 534 F.3d 1330, 1337 (10th Cir. 2008) (internal quotation marks omitted); *see also Tulengkey*, 425 F.3d at 1280 ("Persecution is the infliction of suffering or harm . . . and requires more than just restrictions or threats to life and liberty." (internal quotation marks omitted)). "[W]hether an alien has demonstrated persecution is a question of fact." *Hayrapetyan*, 534 F.3d at 1335 (internal quotation marks omitted).

Ms. Campos-Perez asserts that she is entitled to restriction on removal because she provided sufficient evidence she suffered past persecution on account of her uncles' military service. She also contends that she fears future persecution because these family members remain involved in suppressing gang activity and because gang members have been looking for her.

The BIA concluded that the matters Ms. Campos-Perez testified about neither rose to the level of past persecution, nor demonstrated that it is more likely than not

that her life or freedom would be threatened upon return to El Salvador. Specifically, the BIA observed that even though

> evidence in the record suggests that gang-related violence exists in El Salvador and that the level of violent crime is high, the respondent has not produced sufficient objective evidence from which we can conclude that it is more likely than not that she would be singled out and persecuted upon return to El Salvador.

Admin. R. at 4. Our review of the record reveals substantial evidence to support the BIA's conclusions. We therefore deny the balance of the petition.[2]

### III. Conclusion

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] To the extent Ms. Campos-Perez asks us to reweigh the evidence and conclude that it was sufficient to satisfy her burden of proof, we cannot do so. *See Sidabutar*, 503 F.3d at 1125 ("It is not our prerogative to reweigh the evidence, but only to decide if substantial evidence supports the agency's decision." (internal quotation marks and brackets omitted)). Finally, in so far as she contends that she received ineffective assistance of counsel during her removal proceedings, this issue was not exhausted before the BIA and "[j]udicial review does not extend to points the alien could have made before the Board but did not." *Tulengkey*, 425 F.3d at 1279 n.1 (internal quotation marks omitted)). *See also Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005) (observing that petitioners' "claim of ineffective assistance of counsel cannot be heard by this court in the first instance").